UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ANDRE ANTROBUS,

                Plaintiff,

-against-

67 PCT POLICE; P.O. # 904206; N.Y.P.D.

                Defendants.
----------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM
AND ORDER**
11-CV- 2109 (CBA)

AMON, Chief Judge:

Plaintiff, currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming that New York City police officers falsely arrested him and took his property. Although plaintiff does not provide the date on which his rights were allegedly violated, he states that the violation occurred at "7:45" in the "bullpen" of the 67th Precinct in Brooklyn, New York. (Compl. ¶ 2.) The complaint is dated February 1, 2011.

The case was transferred from the United States District Court for the Southern District of New York by Order dated April 25, 2011. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against New York City Police Department ("NYPD") and the 67th Precinct are dismissed. Plaintiff's claims against police officer # 904206 and a John Doe police officer,[1] both of the 67th precinct of the New York City Police Department, may proceed as set forth below.

---

[1] Although plaintiff appears to identify only one individual defendant in the caption, in the body of the complaint, plaintiff names a second individual defendant who participated in the alleged violation of his rights, "P.O. other one" of the 67th Precinct. (Compl. ¶ I.B.)

1

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pleadings liberally, particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

To prevail on a Section 1983 claim, a plaintiff must show (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws (2) by a person acting under the color of state law. See 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993).

### A. 42 U.S.C. § 1983 Claim Against New York City Police Department Dismissed

The NYPD is a non-suable agency of the City. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004)). Therefore, the complaint against the NYPD is dismissed for failure to state a

claim upon which relief can be granted. 28 U.S.C. § 1915A.

### B. 42 U.S.C. § 1983 Claim Against 67th Precinct Dismissed

Plaintiff's claim against the 67th Precinct must be dismissed because the 67th Precinct, as a division of the New York City Police Department, is an organizational subdivision of the City of New York. As such, it lacks independent legal existence and is therefore not a suable entity. Flemming v. New York City, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). The claim is dismissed. 28 U.S.C. § 1915A.

## CONCLUSION

Accordingly, plaintiff's complaint against defendants New York City Police Department and the 67th Precinct of the New York City Police Department is dismissed. 28 U.S.C. § 1915A. No summons shall issue as to these defendants.

Plaintiff's complaint against the two individual defendant officers may proceed. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Corporation Counsel of the City of New York ascertain the full names of the individual defendants. The Corporation Counsel is also requested to provide the addresses where the defendants can currently be served. The Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

The Corporation Counsel is further requested to produce the information specified regarding the identity of the individual defendants within forty five (45) days of the entry of this

3

Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and the Court shall direct service on the individual defendants.

The Clerk of Court shall send a copy of this Order and plaintiff's complaint to the Corporation Counsel of the City of New York and to plaintiff. No summonses shall issue at this time. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.   /Signed by Chief Judge Carol B. Amon/

_____
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
       June 27, 2011